IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Ave., N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of its public interest

mission, Plaintiff regularly requests access to the public records of federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States Government and is headquartered at U.S. Department of Justice, 950 Pennsylvania Ave., N.W., Washington, DC 20530-0001. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. The Patient Protection and Affordable Care Act of 2010 (the "Act") is one of the most controversial pieces of legislation in recent U.S. history. It has already been the subject of much litigation, and the constitutionality of the Act will likely be decided by the United States Supreme Court within the next two years.

6. Before being appointed to the U.S. Supreme Court, Justice Elena Kagan served as the U.S. Solicitor General. It has been reported that, while serving as U.S. Solicitor General, Justice Kagan may have participated in discussions about the Act, including the drafting of the new law and legal challenges to the new law. *See* "Sen. Hatch: Kagan Should Sit Out Health Care Case," *Associated Press*, February 5, 2011. Justice Kagan has publicly acknowledged that she "attended at least one meeting where the existence of [] litigation" was mentioned. *Id.* At least one member of Congress, U.S. Senator Orrin Hatch, has called for Justice Kagan to recuse herself from any legal challenges to the Act. *Id.*

7. On June 9, 2010, Plaintiff sent a FOIA request to Defendant seeking records about any involvement Justice Kagan may have had with the Act during her tenure as U.S. Solicitor General. Specifically, Plaintiff's FOIA request sought access to the following:

    1.    All records of communication, briefing materials, and/or legal opinions concerning the constitutionality of the Patient Protection and Affordable Care Act of March 23, 2010.

    2.    Any and all records of communications between the Office of the Solicitor General and any of the following entities concerning the constitutionality of the Patient Protection and Affordable Care Act: (a) The Executive Office of the President; (b) The Department of Justice Office of Legal Counsel; and (c) The Office of Attorney General.

8.    On July 8, 2010, Plaintiff received a letter from Defendant acknowledging receipt of Plaintiff's FOIA request.

9.    Pursuant to 5 U.S.C. § 552(a)(6)(A), Defendant was required to respond to Plaintiff's FOIA request within twenty (20) working days, or by July 8, 2010.

10.    As of the date of this Complaint, Defendant has failed to produce any records responsive to the request or demonstrate that responsive records are exempt from production. Nor has it indicated whether or when any responsive records will be produced. In short, other than Defendant's July 8, 2010 acknowledgement letter, Defendant has failed to respond to the request in any manner.

11.    Because Defendant failed to comply with the time limit set forth in 5 U.S.C. § 552(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

12. Plaintiff realleges paragraphs 1 through 11 as if fully stated herein.

13. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

14. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct search for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 24, 2011

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716

/s/ Jason B. Aldrich
Jason B. Aldrich
D.C. Bar No. 495488
Suite 800
425 Third Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*

5